[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THE DEFENDANT'S APPLICATION FOR A WRIT OF AUDITA QUERELA
The defendant on May 10, 2000 made application for a writ of audit querela[1] seeking to vacate a judgment of this court entered on February 15, 2000 because of a decision of the Superior Court, ZoningBoard of Appeals of the Town of Plainfield, et al vs. Freedom ofInformation Commission. et al, Superior Court, judicial district of New Britain, Docket No. CV 99 0497915 (May 3, 2000, Satter, J.) which, he claims, approves a variance granted to him on December 2, 1997 by the Plainfield Zoning Board of Appeals. In its judgment of February 15, 2000, this court found, inter alia, that the defendant had violated the zoning ordinance of the Town of Plainfield by operating his paving business in a RA-60 zone. Implicit in this court's judgment of February 15, 2000, was the court's finding that the defendant did not have a valid variance to operate the business.
This court heard evidence relative to the defendant's application on August 3, 2000 and September 7, 2000. After reviewing the testimony, the record of trial and exhibits the court makes the following findings of fact:
On November 5, 1997, the Plainfield Zoning Board of Appeals (hereinafter "ZBA") denied the defendant's request for a variance to CT Page 12663 operate his paving business in a RA-60 zone. Legal notice was published in the Norwich Bulletin on November 12, 1997.
On December 2, 1997, the ZBA reconsidered its action, although it was not on its agenda and no legal notice of its intention had been published. It purported to grant the defendant's application for a variance. No notice of its decision was recorded or published in accordance with Connecticut General Statutes § 8-7.
Neither the Town of Plainfield Zoning Regulations nor state statutes provide for a motion to reconsider or allow an agency on its own motion to reverse or modify its own decision.
On December 10, 1997, Roland and Frances Jernstrom, neighbors of the defendant, filed a complaint with the Freedom of Information Commission, hereinafter ("FOIC") alleging that the members of the ZBA violated the Freedom of Information Act ("FOIA") by holding a meeting without proper notice and considering a non-agenda item at a regular meeting. By its decision of August 26, 1998, the FOIC declared the vote to approve the variance application of the defendant to be null and void because it was not preceded by a two-thirds vote of the members to consider a non-agenda item.[2] An appeal by the ZBA was filed with the Superior Court for the Judicial District of New Britain. On May 3, 2000, the Superior Court, Satter, J., reversed the decision of the FOIC, holding that the required two-thirds vote can be satisfied when a two-thirds vote is rendered directly on the substantive issue itself. Thus, the court concluded that the ZBA did comply with § 1-225(a) by voting 4 to 1 to approve the application for a variance. Zoning Board of Appeals of the Town ofPlainfield. et al v. Freedom of Information Commission. et al, supra, Superior Court, Docket No. CV99 0497915.
It is this decision, rendered subsequent to this court's decision of February 15, 2000, that forms the basis for the defendant's claim for extraordinary relief by way of the writ of audita querela.
The defendant argues that the writ should issue because the May 3, 2000 decision of Judge Satter approved the variance purportedly granted by the ZBA on December 2, 1997, and thus this court's judgment of February 15, 2000 should be vacated. Further, he alleges that the failure to record notice of the action taken or to publish same has been validated by Special Act 99-07, Section 6 which provides that "any and all actions taken by any . . . zoning board of appeals . . . otherwise valid except that said . . . zoning board of appeals . . . failed to comply with the requirements of any general or special law, ordinance or regulation governing the contents, giving, mailing, publishing, filing or recording any notice either of the hearing or of the action taken is validated." CT Page 12664
He next argues that since no one appealed the December 2, 1997 action of the ZBA to the Superior Court it is now too late to challenge the action because of P.A. 99-238, Sec. 5(r) and Conn. Gen. Stat. § 8-8(r) and P.A. 00-108 which both read as follows:
 In any case in which a board fails to comply with a requirement of a general or special law, ordinance, or regulation governing the contact, giving, mailing, publishing, filing or recording of any notice either of a hearing or of an action taken by the board, any appeal or action by an aggrieved person to set aside the decision or action taken by the board on the grounds of such noncompliance shall be taken within two years of that decision or action.
The plaintiff argues that the ZBA's purported attempt to reverse itself on December 2, 1997 was invalid and that its action in denying the variance on November 5, 1997 remains in effect based upon Sharp v. ZoningBoard, 43 Conn. App. 512, 526 (1995). Next, he argues that since the purported reversal and approval of the defendant's variance on December 2, 1997 was never published in a newspaper as required by Conn. Gen. Stat § 8-7 the action is null and void. He also says that Judge Satter's decision does not address the substantive zoning law but is limited to the FOIA.
In Sharp, 43 Conn. App. at 514, the ZBA of Easton granted an appeal from a cease and desist order issued by its zoning enforcement officer. The ZBA published notice of the decision. Eleven (11) days after publishing the legal notice, the ZBA convened another meeting to reconsider its vote and proceeded to reverse its earlier published decision. Sharp, 43 Conn. App. at 514-516. The Appellate Court held that "[o]nce the board published notice of the decision, its decision was final and could not be opened. Because the board opened its decision after the publication of notice thereof, that action was invalid and the published decision remained in effect." Sharp, 43 Conn. App. at 526. The Court reached the conclusion because ". . . neither the Easton zoning regulations nor the zoning statutes provide for a motion to reconsider or allow the agency on its own motion to reverse or modify its own decision because of a change of circumstances." Sharp, 43 Conn. App. at 524.
In this matter, the ZBA's actions to reconsider and reverse its earlier denial of Mr. Gallow's variance application, which was published, are similarly invalid. As the Sharp Court acknowledged, ". . . a balanced and persuasive statement of the law as it applies to reconsideration of decisions made by a zoning board of appeals" is contained in the Supreme CT Page 12665 Court's 1931 decision in St. Patrick's Church Corp. v. Daniels,113 Conn. 132 (1931) where the issue was the same as it is here — a reconsideration and reversal of the same decision. There the Court stated:
 [I]t appears to be well established that a zoning board of appeals . . . should not ordinarily be permitted to review its decisions and revoke action once duly taken. Otherwise there would be no finality to the proceeding; the result would be subject to change at the whim of members or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence.
St. Patrick's Church Corp. v. Daniels, 113 Conn. at 137-3 8.
Neither the Plainfield zoning ordinance nor state statutes provide for reconsideration. Having concluded that the Sharp case is on all fours with the facts of the present case this court has not addressed the remaining issues raised in the briefs. Because Judge Satter's decision does not affect this court's decision of February 15, 2000, the application for a writ of audita querela is denied.
This court's orders of May 2, 2000, previously stayed on June 12, 2000, are reinstated with a new compliance date of December 15, 2000 to remove remaining commercial vehicles, equipment and materials or incur a civil fine of $500 per day.
Potter, J.